J°HNS0N> J-
It *s perhaps amongst the greatest advantages of the equity jurisdiction, that overlooking the forms of the common law, it brings together all the parties interested in the subject matter and by the same judgment determines all their rights; thus superceding the necessity of the circuity, and multiplicity of actions, which the common law proceedings render necessary. Hence-the rule, that all persons having an interest in a suit in equity ought to be made parties. k This, it is. said, is a rule of convenience, and'not of necessity ; and there is no question, but that it may be dispensed with, if there be a reason for doing so : but, considered only as a matter of convenience, it ought to be enforced, unless there exists some cause, which renders it inconvenient or unimpor. tant. See Bird v. Hardwicke, 1 Vern. 109, 110, note. Herring v. Yoe, 1 Atk. 290. Haines v. Beach, 3 Johns. C. R. 459.
In the present case, Mrs. Legare is the only person having any real interest opposed to that of the complainant; and his bill shews, that this was known to him: and there is not the slightest suggestion of any reason, why she was not, or ought not now to be, made a party. It is necessary, on the part of the defendants, as it may save them the necessity of a future account with hex.
It is therefore ordered, and decreed, that the decree of the Circuit Court be reversed, and the demurrer of the defendants sustained ; but that the complainant have leave to amend his bill, and make Mrs. Legare a party. ■
O’Neall, J., and Harper, J., concurred.

Decree reversed.